**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Shane Douglas Sichting, | Case No. 24-CV-3163 (SRN/DJF) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Jared Rardin, Warden at FMC-Rochester, | |
| Respondent. | |

---

Petitioner Shane Douglas Sichting "pleaded guilty to using a facility of interstate commerce in the attempted commission of a murder-for-hire-scheme," for which the District Court for the District of South Carolina sentenced him to a 135-month term of imprisonment. *United States v. Sichting*, 723 F. App'x 225, 225-26 (4th Cir. 2018) (per curiam). Mr. Sichting is currently serving the term at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"). In his petition for a writ of habeas corpus (ECF No. 1) ("Petition"), Mr. Sichting contends he is entitled to placement in "prerelease custody" for the remainder of his sentence—that is, an assignment away from FMC-Rochester and into either a residential reentry center or home confinement. Because the Court lacks jurisdiction over the Petition, it recommends the Petition be denied and this matter be dismissed without prejudice.

Mr. Sichting is one of many federal prisoners who, in recent months, have sought habeas corpus relief pursuant to the First Step Act of 2018 ("FSA"). Until recently, prisoners were eligible to spend (at most) only the final 12 months of their terms of imprisonment in prerelease custody. *See* 18 U.S.C. § 3624(c)(1). The FSA, however, provides that federal prisoners who participate in "evidence-based recidivism reduction programs" while in the custody of the Federal Bureau of

1

Prisons ("BOP") may earn up to 15 days per month in time credits. 18 U.S.C. § 3632(d). Up to 365 days' worth of those time credits may be applied towards accelerating the date on which a prisoner is placed on supervised release. *See* 18 U.S.C. § 3624(g)(3). Any remaining credits may then be applied towards accelerating the date upon which the prisoner becomes eligible for placement in prerelease custody (i.e., placement in a residential reentry center or on home confinement). *See* 18 U.S.C. § 3632(d)(4). Thus, the FSA permits federal prisoners who have earned sufficient time credits to be transferred into alternative custody arrangements sooner than federal law previously permitted.

Mr. Sichting has participated in evidence-based recidivism reduction programming while in BOP custody and, as a result, has received a full year off his sentence. (*See* ECF No. 1-1.) However, Mr. Sichting argues that the FSA entitles him to more time off his sentence. (*See* ECF No. 2.) He believes he is entitled to an immediate transfer to prerelease custody, since he has now earned sufficient time credits to be eligible for such a transfer. *Id.* Mr. Sichting seeks an order directing the BOP to transfer him to prerelease custody pursuant to the FSA. (ECF No. 1.)

Mr. Sichting is one of dozens of federal prisoners who have brought similar claims under the FSA in this District. As courts have explained repeatedly, "When a prisoner is not challenging either the fact or the duration of his confinement, habeas is not the proper remedy, and the court lacks jurisdiction over his claims." *Johnson v. Birkholz*, No. 21-cv-2017 (PJS/LIB), 2022 WL 3135304, at *1 (D. Minn. Aug. 5, 2022); *accord Young v. Eischen*, No. 23-CV-3227 (PJS/JFD), 2024 WL 418702, at *3 (D. Minn. Jan. 3, 2024); *Wessels v. Houden*, No. 23-CV-1266 (WMW/ECW), 2023 WL 7169154, at *1 (D. Minn. June 22, 2023). A claim that a federal prisoner should be transferred to prerelease custody or home confinement only amounts to an attack on the conditions of the prisoner's confinement and thus is not cognizable on habeas review. *See*

*Johnson*, 2022 WL 3135304, at \*1 (citing *Spencer v. Haynes*, 774 F.3d 467, 469-71 (8th Cir. 2014)); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam).  In other words, a prisoner may invoke habeas corpus to allege he should spend less time overall in custody, but not to allege he should serve more of his sentence on home confinement or in a residential reentry center.

The claim raised in Mr. Sichting's Petition relates only to the conditions of his confinement; not to the fact or duration of his confinement.  FSA time credits can apply *both* to the conditions of confinement (where a sentence is to be served) and the fact or duration of confinement (how long the overall custodial term will last).  But the FSA caps the overall reduction in custodial time a prisoner may receive at 365 days, *see* 18 U.S.C. § 3624(g)(3), and Mr. Sichting has already received the full extent of that benefit (*see* ECF No. 1-1).  The only further benefit Mr. Sichting can receive under the FSA—and the only benefit Mr. Sichting requests in his Petition— is a transfer to a different location for serving the remainder of his custodial term.  But for the foregoing reasons, he cannot challenge where his term of custody is served in a habeas petition.

Mr. Sichting argues that conclusion is subject to doubt following the Supreme Court's recent decision in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024), but he is incorrect.  *Loper Bright* and the decision it overturned, *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), concerned the deference owed by courts to an agency's interpretation of an ambiguous statute.  *See Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244, 2254 (2024).  The rule that conditions-of-confinement claims cannot be raised in a habeas petition does not derive from the BOP's interpretation of the FSA or another federal law; instead, the rule derives from prior judicial interpretation of the scope of the federal habeas statute. *See Young*, 2024 WL 418702, at \*3 ("But the question that ultimately is determinative in this

3

proceeding is not whether the BOP's reconciliation of its conflicting statutory mandates is reasonable, but whether this Court has the authority to grant the relief sought by Mr. Young. The answer is no."). Therefore, the fact that *Chevron* is no longer good law is irrelevant to this case. *Loper Bright* did not invest the Court with jurisdiction over Mr. Sichting's habeas claim.

Mr. Sichting also cites cases from other jurisdictions in which habeas relief has been granted on behalf of prisoners seeking transfer to prerelease custody under the FSA. *See, e.g., Woodley v. Warden, USP Leavenworth*, No. 24-2053-JWL, 2024 WL 2260904, at *2-4 (D. Kan. May 15, 2024). But this Court is obligated to follow the decisions of the United States Court of Appeals for the Eighth Circuit, and under Eighth Circuit case law, "[w]hen a prisoner is not challenging either the fact or the duration of his confinement, habeas is not the proper remedy, and the court lacks jurisdiction over his claims." *Johnson*, 2022 WL 3135304, at *1 (collecting cases). Other courts have interpreted the law of their respective jurisdictions differently, but the Eighth Circuit's interpretation of the Court's habeas jurisdiction controls in this matter.

Finally, this Court recognizes that the form in which a pro se litigant presents a claim should not necessarily dictate the outcome of a case and that, in appropriate circumstances, a claim may be reinterpreted as arising under the correct procedural vehicle. *See Spencer*, 774 F.3d at 471. But reinterpretation of the Petition in this case as being a non-habeas complaint likely would be little help to Mr. Sichting, who seems to acknowledge that he has not exhausted any administrative remedies for his claim. (*See* ECF No. 1 at 3.) Exhaustion of administrative remedies would be a mandatory precondition for any viable non-habeas claim Mr. Sichting might have pursued. *See* 42 U.S.C. § 1997e(e). Moreover, a prisoner filing a non-habeas civil action is responsible for the entirety of the $350.00 statutory filing fee, regardless of whether the prisoner qualifies financially

for *in forma pauperis* status, meaning that not only would Mr. Sichting's claim remain subject to dismissal, but Mr. Sichting also would owe the filing fee for the dismissed civil case.

The Court therefore recommends this matter be dismissed without prejudice for lack of jurisdiction because: (1) the Court does not have jurisdiction over habeas claims seeking early release to home confinement or a residential reentry center under the FSA; and (2) Mr. Sichting is unlikely to benefit from any reinterpretation of his Petition as a civil complaint.  Mr. Sichting's request for expedited briefing in this matter (ECF No. 8) may be denied as moot should this matter be summarily dismissed for lack of jurisdiction as recommended.

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1.    The petition for a writ of habeas corpus (ECF No. [1]) be **DENIED WITHOUT PREJUDICE** for lack of subject matter jurisdiction;

2.    Mr. Sichting's motion for expedited briefing (ECF No. [8]) be **DENIED**; and

3.    This matter be **DISMISSED**.

Dated: September 12, 2024                    *s/ Dulce J. Foster*
                                             Dulce J. Foster
                                             United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).