UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Shane Douglas Sichting,<br><br>Petitioner,<br><br>v.<br><br>Jared Rardin, Warden at FMC-Rochester,<br><br>Respondent. | Case No. 24-cv-3163 (SRN/DTF)<br><br>**ORDER** |

Shane Douglas Sichting, Reg. No. 09850-046, Federal Medical Center – Rochester, P.O. Box 4000, Rochester, MN 55903, Pro Se.

Adam J. Hoskins and Ana H. Voss, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondent.

SUSAN RICHARD NELSON, United States District Judge.

This matter is before the Court on Petitioner Shane Douglas Sichting's Objection [Doc. 10] to United States Magistrate Judge Dulce J. Foster's Report and Recommendation (R&R) [Doc. 9]. The R&R recommends dismissing without prejudice Mr. Sichting's Petition for a Writ of Habeas Corpus [Doc. 1] and denying as moot his Motion for Expedited Briefing [Doc. 8]. (Doc. 9 at 5.) For the reasons below, the Court sustains Mr. Sichting's Objection in part, adopts the R&R with modifications, dismisses the Petition without prejudice, and denies as moot the Motion for Expedited Briefing.

I.   Background

Mr. Sichting is one of many federal prisoners who have recently sought habeas relief under the First Step Act of 2018, Pub. L. 115-391, which allows them to earn time credits for participating in "evidence-based recidivism programming or productive activities," 18 U.S.C. § 3632(d)(4).  Prisoners can use the time credits to move up their supervised release date by as much as 12 months and get into prerelease custody earlier. §§ 3632(d)(4)(C), 3624(g)(2)–(3).  Mr. Sichting has earned the maximum 365 days toward early supervised release, and his projected release date is February 13, 2025.  (Doc. 10 at 4; Doc. 16 at 1; *see also* Federal Bureau of Prisons, *Find an inmate*, https://www.bop.gov/inmateloc (last accessed November 13, 2024)).  He has also earned at least 525 days toward early prerelease custody—either a Residential Reentry Center (RRC) or home confinement.  (Doc. 10 at 4.)

Mr. Sichting was in prerelease custody at an RRC in Montana on February 23, 2024, when he was falsely accused of violating one of the RRC's rules.  (Doc. 10 at 1; Doc. 11 ¶ 2.)  A hearing officer later "expunged" the charge as "not procedurally sound"—but not before he was moved to the Federal Medical Center in Rochester (FMC Rochester) and his bed at the RRC was given to someone else.  (Doc. 1-1 at 3; Doc. 10 at 1; Doc. 11 ¶ 3; Doc. 12 at 1–2.)  Mr. Sichting sent an internal message to Bureau of Prisons (BOP) staff asking to be moved back, but they responded that there would be no vacancy until December 30, 2024.  (Doc. 1-1 at 3; Doc. 3 ¶ 5.)  Mr. Sichting's case manager requested other options, and the BOP offered to either find a sooner date at an out-of-district RRC or request home confinement.  (Doc. 16 at 1.)  Mr. Sichting tried for home confinement, but his request was

denied because his home was too far from any district office—about 350 miles. (*Id.*; Doc. 14 at 2.) Mr. Sichting then re-requested placement at the Montana RRC and received a date of December 31, 2024, so he remains at FMC Rochester until then. (Doc. 16 at 1; Doc. 1-1 at 3; Doc. 3 ¶ 5.)

Mr. Sichting petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2241 and requests an order directing the BOP to transfer him to the RRC or home confinement. (Doc. 2 at 1–3; Doc. 10 at 4.) He argues that "[t]ransfer to prerelease custody is not discretionary, but is <u>mandatory</u> and requires bed space be available." (Doc. 2 at 2–3 (citing *Doe v. Fed. Bureau of Prisons*, 2024 WL 455309, at *1–4 (S.D.N.Y. Feb. 5, 2024); *Ramirez v. Phillips*, 2023 WL 8878993, at *4 (E.D. Cal. Dec. 22, 2023); *Woodley v. Warden, USP Leavenworth*, No. 24-2053, 2024 WL 2260904, at *2–4 (D. Kan. May 15, 2024)).)

The R&R recommends dismissing the Petition without prejudice for lack of jurisdiction. (Doc. 9 at 1.)

**II.   Analysis**

The Court reviews *de novo* those portions of the R&R to which a specific objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord* D. Minn. L.R. 72.2(b)(3). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). Because Mr. Sichting proceeds pro se, the Court construes the Petition liberally. *Frey v. Schuetzle*, 78 F.3d 359, 361 (8th Cir. 1996).

The Court agrees with the magistrate judge's finding that the Court lacks jurisdiction over Mr. Sichting's § 2241 claim. (Doc. 9 at 2–3.) "Habeas corpus is used to challenge 'the fact or duration of . . . physical confinement itself.'" *Johnson v. Birkholz*, No. 21-cv-2017 (PJS), 2022 WL 3135304, at *1 (D. Minn. Aug. 5, 2022) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973)). "When a prisoner is not challenging either the fact or the duration of his confinement, habeas is not the proper remedy, and the court lacks jurisdiction over his claims." *Id.* (citing *Spencer v. Haynes*, 774 F.3d 467, 469–71 (8th Cir. 2014); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam)). In requesting an order directing a transfer of custody, Mr. Sichting challenges the location and conditions of his confinement, not the fact or duration of it. Thus, habeas is not the proper remedy, and the court lacks jurisdiction.

Mr. Sichting argues that the R&R "misconstrue[s]" *Woodley*, (Doc. 10 at 4,) in which an out-of-circuit district court granted habeas relief to a prisoner seeking transfer to prerelease custody. 2024 WL 2260904, at *2–4. But the R&R does not construe *Woodley* at all. It simply explains that *Woodley* has no impact here because the Eighth Circuit has held to the contrary and its precedent controls in the District of Minnesota. (Doc. 9 at 4.) While a circuit split has developed after the Supreme Court "left open 'the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement,'" the Eighth Circuit has held it improper. *Spencer*, 774 F.3d at 469–71 (quoting *Bell v. Wolfish*, 441 U.S. 520, 526 n.6 (1979)). The Court is bound by this holding.

That said, in construing the Petition liberally, courts may "recharacterize [a petitioner's] claim into the correct procedural vehicle"—for example, a 42 U.S.C. § 1983

- 4 -

action. *Spencer*, 774 F.3d at 471. Before doing so, however, a court should "consider [any] potential detriment" from doing so. *Id.*

The R&R observes that recharacterization "would be of little help to Mr. Sichting, who seems to acknowledge that he has not exhausted any administrative remedies for his claim." *See* 42 U.S.C. § 1997e(a) (requiring exhaustion). It also notes that "a prisoner filing a non-habeas civil action is responsible for the entirety of the $350.00 statutory filing fee," which may be a considerable burden. (Doc. 9 at 4–5.)

Mr. Sichting objects, arguing that he exhausted all remedies. He emphasizes that he asked for RRC or home confinement and BOP staff said they could not get him back into RRC before December. (Doc. 10 at 5; Doc. 1-1 at 3.) Further, while these proceedings were pending, Mr. Sichting escalated his request to Warden Jared Rardin, and Rardin did not resolve the issue. (Doc. 16 at 1.) Mr. Sichting also argues that exhaustion would have been futile because the BOP has already refused to move him despite his request, the mistaken charge against him shows due process violations, and the "administrative remedy process of the BOP is broken." (Doc. 10 at 5 (citing *Cal. Coal. for Women Prisoners v. United States*, --- F. Supp. 3d ----, No. 4:23-cv-4155, 2024 WL 1290766 (N.D. Cal. 2024)); Doc. 8 at 2 (citing *Woodley*, 2024 WL 2260904, at *1; *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010)).).

Considering this evidence introduced after the R&R, and therefore not available to the magistrate judge, the Court disagrees with the R&R's findings that "reinterpretation of the petition in this case would likely be of little help" and that Mr. Sichting "seems to acknowledge that he has not exhausted any administrative remedies." (Doc. 9 at 4.) Mr.

- 5 -

Sichting now makes clear that he does not concede failure to exhaust administrative remedies. And aside from generally endorsing the R&R, Respondent has not raised failure to exhaust as an affirmative defense. *See Jones v. Bock*, 549 U.S. 199, 216 (2007) ("[F]ailure to exhaust is an affirmative defense" and "inmates are not required to specially plead or demonstrate exhaustion in their complaints.").

Also, in light of *Doe*, *Ramirez*, and *Woodley*, Mr. Sichting may have a valid argument that 18 U.S.C. § 3632(d) requires the BOP to transfer him into prerelease custody. *See, e.g.*, *Woodley*, 2024 WL 2260904, at *4. This Court has held that the BOP has broad discretion to decide whether to place a prisoner in prerelease custody under *§ 3624(c)*, which says that the BOP "shall, *to the extent practicable*, place prisoners with lower risk levels and lower needs on home confinement" for "the shorter of 10 percent of [their prison term] or 6 months." *Anderson v. Birkholz*, No. 21-cv-01420 (SRN), 2021 WL 3173641, at *1–4 (D. Minn. July 27, 2021) (quoting § 3624(c)(2)) (emphasis altered); *see also United States v. Brown*, No. 12-cr-00172(3) (SRN), 2020 WL 1922567, at *2 (D. Minn. Apr. 21, 2020). But the Court has not yet addressed *§ 3632(d)*, which comes into play when a prisoner has earned time credits. Unlike Section 3624(c), Section 3632(d) does not include discretionary language. It simply states that the BOP "shall transfer . . . into prerelease custody or supervised release" a prisoner who has "earned time credits . . . equal to the remainder of [his] term of imprisonment" and met other eligibility requirements. §§ 3632(d)(4)(C), 3624(g)(1). Having no bed available is no excuse, as the BOP must "ensure there is sufficient prerelease custody capacity to accommodate all eligible prisoners." *Woodley*, 2024 WL 2260904, at *4 (quoting § 3624(g)(11)).

Nonetheless, the Court agrees with the magistrate judge that the burden of paying a $350 filing fee may be considerable for Mr. Sichting. As such, it makes the most sense to dismiss the petition without prejudice and allow Mr. Sichting to choose whether to file a 42 U.S.C. § 1983 action. *Cf. Johnson*, 2022 WL 3135304, at *2 (finding it "simpler and more straightforward" to dismiss without prejudice the claim of two prisoners, one of whom appeared to have already been released from custody, and noting that they "may, if they so choose, initiate separate civil actions").

## CONCLUSION

Based upon the foregoing, and all the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Objection to the Report and Recommendation [Doc. 10] is **SUSTAINED IN PART**;

2. The Report and Recommendation [Doc. 9] is **ADOPTED WITH MODIFICATIONS**;

3. The Petition [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**; and

4. Petitioner's Motion for Expedited Briefing [Doc. 8] is **DENIED AS MOOT**.

**LET THE JUDGMENT BE ENTERED ACCORDINGLY**.

Dated:  November 14, 2024

                                                  s/Susan Richard Nelson
                                                  SUSAN RICHARD NELSON
                                                  United States District Judge